The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellee,

v.

James E. BROMWELL, Appellant.

No. 86–205.

Supreme Court of Iowa.

June 18, 1986.

Gerald T. Sullivan, Cedar Rapids, for appellant.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for appellee.

LAVORATO, Justice.

Before us is a report of the Grievance Commission recommending suspension of James E. Bromwell's license to practice law for four months.

The commission found that Bromwell acted unethically in handling an estate, in violation of Iowa Code of Professional Responsibility for Lawyers DR6–101(A)(3) (lawyer must not neglect a legal matter) and EC6–4 (lawyer must adequately prepare and attend legal work). The commission also found that he failed to assist the Professional Ethics and Conduct Committee, in violation of EC1–4 (lawyer should assist committee) and EC9–6 (lawyer must uphold integrity of legal profession, encourage respect for law, and observe code of professional responsibility).

We agree with the commission that Bromwell was guilty of several ethical violations in handling the estate, and in failing to cooperate with the committee. Upon our de novo review, however, we impose a suspension for six months.

On February 22, 1980, Bromwell was retained to help administer an estate. On March 7, he filed a petition for the probate of the will. Proof of publication was filed on April 14. On June 3, 1981, a notice of delinquency was sent to Bromwell that indicated the probate inventory had not been filed.

Bromwell completed the probate inventory, which the executor signed on November 3; however, Bromwell failed to file it at that time. A second notice of delinquency was sent on November 4. On January 18, 1982, the district court ordered that the inventory be filed within thirty days. Bromwell did not comply with that order.

On March 1, the district court ordered Bromwell and the executor to appear and show cause why the executor should not be removed. On the date of the hearing Bromwell filed the inventory, and the court canceled the hearing. It ordered that Bromwell and the executor "should see that this matter is pursued with reasonable diligence so that it may be closed without further delay."

Bromwell could give no explanation for the delinquencies. He testified that he and the executor had reviewed the probate file on March 29, 1982. He further testified that they had talked about securing tax acquittances the next day to close the estate. His only excuse for not securing the acquittances was the executor's inability to accompany him that day.

The executor's health deteriorated, and he died on January 13, 1983. Bromwell testified he unsuccessfully tried to persuade the executor's widow and daughter to take over as executors of the will. He also tried, but failed, to secure a trust department and a lawyer as executor. In the meantime, due to the absence of the final report, a third notice of delinquency was sent to Bromwell on May 2.

Bromwell spoke with several judges about closing the estate. One judge told him he would "sign any reasonable order." Bromwell's excuse for not applying for one was that he did not know what a "reasonable order" meant.

On July 29, the district court ordered final settlement of the estate within thirty days. Bromwell did not comply with that order.

On August 12, November 3, 1983, and January 19, 1984, the clerk of the district court sent notices of delinquency to Bromwell. See Iowa Code § 633.32; Iowa Sup. Ct. Prob. R. 5.

On April 9, the estate was closed by court order, which noted that "[t]he attorney handling the matter apparently has withdrawn from the practice of law." Bromwell denied any knowledge of the or-

der until receiving the complaint in this matter.

From December 8, 1983 until August 31, 1984, he received ten letters from the committee requesting a response on complaints of misconduct. Bromwell did not respond to them. His only explanation was that he was confused and did not know how to respond to them.

Bromwell raises four issues: (1) whether this matter should be dismissed because the commission did not file a timely report with the clerk of this court; (2) whether his inactions with regard to the estate warrant a finding of neglect; (3) whether his failure to respond to the committee constitutes unethical conduct; and (4) whether evidence of a prior suspension should have been considered by the commission.

Our review of the commission's recommendation is set forth in *Committee on Professional Ethics v. Blomker*, 379 N.W.2d 19, 20–21 (Iowa 1985).

## I. *Commission's failure to file timely report.*

The commission's report was filed with its secretary on November 22, 1985. The secretary filed the report with the clerk of this court on February 11, 1986, and Bromwell received a copy at that time. *See* Iowa Sup.Ct.R. 118.9, .10. No reason for this eighty-one day delay appears in the record.

Bromwell urges dismissal of this action because the commission failed to comply with rule 118.9, which provides:

The ... report of the commission shall be made or filed with this court within thirty days of the date set for the filing of the last responsive brief and argument.

He urges us to reconsider our decision in *Committee on Professional Ethics and Conduct v. Behnke*, 276 N.W.2d 838, 842 (Iowa 1979), which held that this language directory and not mandatory. In addition, he claims prejudice because had the commission complied with the rule, his counsel

would not have had a schedule conflict and could have requested oral argument. *See* Iowa R.App.P. 21.

■ We decline to reconsider our decision in *Behnke*. On the other hand, we do not condone administrative delay, which may erode public confidence in our ability to police claims of misconduct. Attorneys deserve not only timely disposition of complaints of misconduct, but timely notice.

■ The ability to request oral argument does not invalidate the findings by the commission's report. In any event, Bromwell could have sought substitute counsel. More important, as he concedes, oral argument is not a matter of right. *See* Iowa R.App.P. 21(c), (d).

## II. *Failure to close the estate.*

Bromwell argues there is no evidence his failure to close the estate amounted to "knowing and willful" neglect, as required under DR6–101(A)(3).[1] He contends that failure to file timely probate documents, respond to notices, or comply with court orders in a single estate does not offend the disciplinary rule. He also argues that, despite his failure to make *any* filings after the inventory, he was helping to administer the estate.

In *Committee on Professional Ethics and Conduct v. Rogers*, 313 N.W.2d 535, 536 (Iowa 1981), we said

a violation of DR6–101(A)(3) generally involves "indifference and consistent failure to carry out the obligations which the lawyer has assumed to his client or a conscious disregard for the responsibility owed to the client. [* * *] Neglect usually involves more than a single act or omission. Neglect cannot be found if the acts or omissions complained of were inadvertent or the result of an error of judgment made in good faith."

(*Quoting* ABA Committee on Professional Ethics, Informal Opinion No. 1273 (1973)).

■ *Rogers* did not preclude a finding of neglect for a single act or omission. In

---

1. That rule provides: "A lawyer shall not: ... Neglect a legal matter entrusted to him."

any event, Bromwell's repeated failure to respond to the delinquency notices, and his violation of two probate statutes [2] and three court orders constituted more than "a single act or omission." Moreover, they can hardly be described as "inadvertent" or "error[s] of judgment." Furthermore, DR6–101(A)(3) states that an attorney should not neglect "*a* legal matter entrusted to him." (Emphasis added.)

We conclude the evidence amply supports the commission's finding that Bromwell violated DR6–101(A)(3) and EC6–4.

III. *Failure to cooperate with the committee.*

Bromwell asserts his failure to respond to the committee does not constitute unethical conduct, although he acknowledges that *Committee on Professional Ethics and Conduct v. Horn*, 379 N.W.2d 6, 8–9 (Iowa 1985) holds otherwise. He urges us to reconsider *Horn* and prospectively apply its standards, which were announced after the commission's report on his case. He argues that in any event he cooperated with the committee.

We decline to reconsider *Horn* and to prospectively apply its standards. In that case we noted public confidence in the legal profession may wane if an attorney fails to cooperate in an investigation of misconduct. *Id.* at 9. We disagree with Bromwell's view of "cooperation" in light of his failures, and his lame excuse that he did not know how, to respond.

We agree that Bromwell violated EC1–4 and EC9–6; in addition, we conclude he violated DR1–102(A)(5), (6) (lawyer must not engage in conduct prejudicial to administration of justice or adversely reflecting on fitness to practice law), *see Horn*, 379 N.W.2d at 9.

IV. *Evidence of prior suspension.*

In recommending suspension, the commission considered evidence of Bromwell's prior suspension to practice law under Iowa Supreme Court Rule 118.7, which provides:

> The grievance commission and this court shall consider [evidence of an attorney's prior suspension to practice law] ... in determining the attorney's fitness ... to practice law....

Bromwell challenges this rule because it does not provide him the same protections afforded criminal defendants under the Iowa Rules of Evidence. *See* Iowa R.Evid. 404(a)(1), (b), 405(a), (b), 609(b).

The short answer to his challenge is that a disciplinary proceeding "is not criminal, but is special, civil in nature, and has been described as ... an investigation by the court into the conduct of its officers." *Committee on Professional Ethics and Conduct v. Kraschel*, 260 Iowa 187, 193, 148 N.W.2d 621, 625 (1967) (citations omitted); *see Behnke*, 276 N.W.2d at 841; *see also Committee on Professional Ethics and Conduct v. Hurd*, 375 N.W.2d 239, 246 (Iowa 1985). The evidentiary restrictions urged by Bromwell might frustrate the goals of the disciplinary inquiry: to determine a lawyer's fitness to practice law and appropriate disciplinary action.

We hold that rule 118.3 is valid, and that the commission did not err in considering Bromwell's prior suspension to practice law.

V. *Disciplinary action.*

We conclude that under the circumstances Bromwell's license to practice law should be suspended six months. The suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.-12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except HARRIS and CARTER, JJ., who take no part.

---

**2.** Iowa Code § 633.361 (inventory to be filed within sixty days after qualification by the personal representative) and § 633.473 (final settlement required within three years after second publication).