COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Warren R. STIENSTRA, Respondent.**

No. 86–394.

Supreme Court of Iowa.

July 23, 1986.

---

2. *See* Grievance Comm'n R. 11.

James E. Gritzner, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Warren R. Stienstra, Sioux City, pro se.

Considered by REYNOLDSON, C.J., and McGIVERIN, SCHULTZ, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

In this attorney disciplinary proceeding the Grievance Commission recommended that Warren R. Stienstra be reprimanded for failing to assist the Committee on Professional Ethics and Conduct in investigating a complaint against him. The commission found that Steinstra violated Iowa Code of Professional Responsibility for Lawyers DR 1–102(A)(1) (violating disciplinary rule), (5) (engaging in conduct prejudicial to administration of justice), and (6) (engaging in conduct adversely reflecting on fitness to practice); EC 1–4 (failing to assist the committee); and EC 1–5 (failing to maintain high standards of professional conduct).

We agree with the commission that Stienstra did not cooperate with the committee, and adopt the commission's recommendation.

In June, 1984, a former client of Stienstra's filed a complaint against him with the Grievance Commission of the Woodbury County Bar Association. She alleged that Stienstra, who withheld part of the proceeds of her settled lawsuit to pay medical bills, did not pay them. The commission assigned the complaint to the grievance committee of the county bar association.

On June 19, an investigator for the county grievance committee wrote to Stienstra and asked him to respond to the complaint. Upon receiving the letter, Stienstra paid the bills but did not respond. On July 18, the investigator again wrote to Stienstra and asked him to respond to the complaint. Stienstra received the letter but again did not respond.

Because her medical bills were paid, the client withdrew the complaint. The county grievance committee continued its investigation, however, because it was concerned about Stienstra's delay in paying the bills. On November 7, the investigator wrote to Stienstra a third time, seeking his assistance in the investigation. Stienstra was warned that if he failed to respond the county grievance committee intended to refer the matter to the Committee on Professional Ethics and Conduct of the Iowa State Bar Association. Stienstra received this letter, and for the third time did not respond.

On December 12, the complaint was referred to the Committee on Professional Ethics and Conduct. Stienstra received written notice of this referral on January 10, and February 4, 1985. The first notice named a different attorney than Stienstra as the respondent; however, it included a copy of .the December 12 letter, which he had previously received, from the county grievance committee to the Committee on Professional Ethics and Conduct. When he saw the other attorney's name on the no-

tice, Stienstra read no further and did not respond. The second notice warned that a "complaint may be filed with the Grievance Commission [of the Iowa State Bar Association] for failure to ... respond." For the fourth time Stienstra did not respond.

Stienstra did not appeal the commission report. *See* Iowa Sup.Ct.R. 118.11. Nevertheless, we must review the record de novo. *See* Iowa Sup.Ct.R. 118.10.

### I. *Failure to Assist Disciplinary Committees.*

 Failure to respond to inquiries from the Committee on Professional Ethics and Conduct of the Iowa State Bar Association is misconduct. *See Committee on Professional Ethics and Conduct v. Bromwell,* 389 N.W.2d 854, 856 (Iowa 1986). We believe this holding also applies to county grievance committees. Ethical Consideration 1–4 provides that a lawyer "should ... assist committees and boards having responsibility for the administration of the disciplinary rules." It makes no distinction between local and state committees investigating complaints against lawyers. We believe a lawyer should assist both. Moreover, even though a complaint is withdrawn, the duty to assist such committees continues.

■ Stienstra neither responded to the two disciplinary committees nor offered a reasonable explanation for refusing to respond. His attitude reflects disdain for the disciplinary system. We conclude Stienstra violated DR 1–102(A)(1), (5), (6), EC 1–4, and EC 1–5.

### II. *Disciplinary Action.*

In imposing sanctions, we are guided by certain principles. Although this court is not bound by the recommendation of the commission, we give respectful consideration to them.... In determining the appropriate discipline, we consider not only the lawyer's fitness to continue practicing law but also the importance of deterring others from similar conduct and assuring the public that

courts will maintain the ethics of the legal profession.

*Committee on Professional Ethics and Conduct v. Ulstad,* 376 N.W.2d 612, 614 (Iowa 1985) (citations omitted).

■ Applying these principles to the facts here, we agree with the Grievance Commission's recommendation. We therefore reprimand Stienstra for the violations described.

ATTORNEY REPRIMANDED.