**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the Iowa STATE BAR ASSOCIATION, Complainant,**

v.

**Dan T. McGREVEY, Respondent.**

**No. 86–1057.**

Supreme Court of Iowa.

Nov. 12, 1986.

George H. Capps, West Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

John W. Gailey, Fort Dodge, and Mark McCormick of Belin, Harris, Helmick, Tesdell, Lamson, Blackledge & McCormick, Des Moines, for respondent.

Considered by HARRIS, P.J., and Mc-GIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

This attorney disciplinary proceeding arises out of a delay by Dan T. McGrevey in filing various documents with the clerk of the district court. The Committee on Professional Ethics and Conduct alleged six instances of misconduct in McGrevey's appealing agency revocations of his clients' licenses to drive. The Grievance Commission concluded McGrevey was unethical in only one of the six instances. Although one member recommended dismissal, the majority of the commission recommended a reprimand. We agree with the majority's conclusion and recommendation.

In 1984 the Department of Transportation revoked the driver's license of a man represented by McGrevey. McGrevey obtained an ex parte order from the district court, staying the revocation pending judi-

cial review of it. *See* Iowa Code § 17A.19(5) (1983). McGrevey, however, did not file a petition for judicial review before applying for the order. He delayed filing both documents with the clerk of the district court for more than two months. Initially, this delay was due to an oversight in McGrevey's office; subsequently, it was due to his client's failure to advance the filing fee. The district court eventually dismissed the petition because it was not filed within thirty days after the revocation as required by section 17A.19(3), and was not served on, or mailed to, the department within ten days after filing as required by section 17A.19(2).

McGrevey explained his procedure for appealing the department's decisions to revoke the driver's licenses of his clients:

I would draft the petition for administrative review, the original notice and the direction for service and the proposed stay order for presentation to the court. The file would then be split, with my secretary filing the petition and causing service to be made, and the order coming back to my attention to visit with the court concerning the issuance of the stay order.

I would then visit with the court ... [about] the complaints that [were] filed, advising [the judge] completely of the fact that we [filed the petition] to find any possibility of saving the client's driver's license. . . .

The next step in my process was to file the stay order and since it was a [court] order the clerk would mail copies to the attorneys of record, i.e., the attorney general's office and me.

It became apparent that the attorney general's office was not notifying the Department of Transportation concerning the loss of [my clients' licenses] and the stay order[s] issued by the court. Perhaps I am wrong in this determination, but it was my personal opinion that I was not required to inform the Department of Transportation of this lack of communication between the attorney

general's office and the Department of Transportation.

As a result of this hole in communication there were times when [a client's] loss of driver's license period expired prior to the time the case was heard by the district court. When those situations arose it was our practice to either try the case ... or dismiss the same and instruct our clients to attempt to reobtain their driver's license[s]. Nothing was actively done to mislead the Department of Transportation or the attorney general's office, but we did rely on *and hope* that this lack of communication would continue....

(Emphasis in original.)

Evidence indicated the clerk of the district court never served copies of stay orders of agency action on opposing parties. McGrevey testified he was unaware the clerk was not forwarding copies of the orders he obtained to the attorney general's office or to the department.[1]

The commission found that there was no evidence McGrevey knew of the clerk's failure to serve copies of the orders. It concluded, however, he violated Iowa Code of Professional Responsibility for Lawyers DR7–102(A)(3)[2] because in the one instance he did not file the petition and stay order in a timely manner.

Although McGrevey did not formally appeal the commission's report, he argues in a response that no one suffered a loss from his failure to file the two documents on time. He adds that the same result would have occurred if he had obtained another stay order when the petition was filed. He urges this court not to increase the sanction recommended by the commission. *See* Iowa Sup.Ct.R. 118.10.

We agree with the commission's conclusion that McGrevey violated DR7–102(A)(3). Once signed by the district court, the order "was no longer a private paper and became a court document in the public domain."

*Committee on Professional Ethics and Conduct v. Hurd,* 325 N.W.2d 386, 390 (Iowa 1982). The court entrusted McGrevey to file the order. *Id.* By his delay in filing it, he "concealed or knowingly failed to disclose that which he was required by law to reveal." Iowa Code Prof. Resp. DR7–102(A)(3).

Principles governing appropriate sanctions for ethical violations were recently set forth in *Committee on Professional Ethics and Conduct v. Stienstra,* 390 N.W.2d 135, 137 (Iowa 1986). We consider these principles as well as McGrevey's previous good record in imposing a sanction in this case. *See Hurd,* 325 N.W.2d at 391. We therefore reprimand McGrevey for violating DR7–102(A)(3).

ATTORNEY REPRIMANDED.

---

1. Under Iowa R.Civ.P. 82(*f*), the clerk of the district court must forward copies of court orders to the parties.

2. That rule provides that in representing a client a lawyer shall not "[c]onceal or knowingly fail to disclose that which he is required by law to reveal."