COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Jerome M. BURROWS, Respondent.

No. 86–1454.

Supreme Court of Iowa.

March 18, 1987.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Jerome M. Burrows, Cedar Rapids, pro se.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

LARSON, Justice.

Jerome M. Burrows was charged with several violations of the Iowa Code of Professional Responsibility for Lawyers arising out of his neglect of an estate proceeding and his continued representation of the estate while his license was under suspension for failure to comply with our client security and continuing legal education requirements. The seriousness of these charges was further exacerbated, it is claimed, by Burrows' failure to respond to inquiries and notices by the Committee on Professional Ethics and Conduct. We order a suspension of the respondent's license to practice law.

Burrows' present disciplinary problems began with his representation of the estate of Kenneth D. Reisner in Winneshiek County. Although Burrows had not been in the general practice of law since 1974, when he went to work for a private corporation, he agreed to represent the Reisner estate as a favor to the decedent's daughter. He testified that he agreed to represent the estate without charge.

■ The estate was opened in May 1981, but the respondent failed to publish notice of the probate of the will, notice of appointment of executor, and notice to creditors, as required by Iowa Code section 633.304 (1981). He also failed to close the estate within the three years provided by Iowa Code section 633.473 (1981).[1]

On September 4, 1984, while the Reisner estate was still pending, the respondent was suspended for failure to comply with court rules 121.3 (client security) and 123.-1–.4 (continuing legal education). Burrows took no steps, following his suspension, to remove himself from representation of the Reisner estate as required by court rules 121.3(i)(7) and 123.5(a).

The clerk of district court notified the respondent on November 2, 1984, that he had failed to comply with the three-year limitation of section 633.473. No steps were taken to close the estate. On January 3, 1985, the clerk reported this delinquency to the presiding judge. *See* Iowa Code § 633.32 (1981) (reporting of delinquent reports); Iowa R.Prob.P. 5.

---

**1.** The three-year limit of § 633.473 begins to run with the second notice to creditors. It could be argued this period had not begun to run, because the respondent failed to publish the notice. Iowa Code § 633.304, however, requires a notice to creditors to be published "as soon as letters are issued." We believe the three-year limit of § 633.473 should be construed, at least in a disciplinary case, to begin when the second notice to creditors *should* have been published.

On January 4, 1985, Judge Joseph C. Keefe wrote to Burrows, advising him that the estate proceedings were delinquent and that it must be closed within sixty days of November 1, 1984. No response was received. Judge Keefe telephoned Burrows on February 14, 1985, and was assured that the matter would be completed "in a few days." Nothing further was done. On March 5, 1985, Judge Keefe called Burrows' office and left a message for Burrows to return the call. Burrows failed to do so. The next day, March 6, Judge Keefe wrote to Burrows and advised him that, unless the matter was completed within two weeks, it would be reported to the supreme court. Burrows did not comply, and the matter was reported on March 27, 1985. At no time did Burrows advise Judge Keefe that he was unable to complete the estate proceedings because of his suspension, nor did he seek to have the estate closed by another attorney.

The respondent testified that he was inexperienced in probate, that he was having personal problems, and that his employer was having problems which had preoccupied him. No other reasons were given for his neglect of the estate or his failure to respond to the clerk's notice or the requests of Judge Keefe.

On April 9, 1985, the Iowa State Bar Association's Committee on Professional Ethics and Conduct sent a letter to Burrows advising him that a complaint had been filed, enclosing a copy of the complaint, and advising him that an investigation would be made. He was requested to furnish the committee with a statement responsive to the complaint and was advised that rule 3.3 of the procedural rules of the committee would be followed. A copy of the rule, requiring a response within twenty days, was enclosed. No response was received. On October 11, 1985, counsel for the committee again wrote to Burrows and advised him that, unless a response was received within ten days from the receipt of the second notice, he ran the risk that a separate complaint would be filed with the grievance commission based upon Burrows' failure to respond to the committee's notices. Burrows still did not respond.

On June 4, 1986, the committee filed a complaint with the grievance commission, asserting Burrows' neglect in the estate matter, his failure to comply with the requests of the district court, his representation of the estate while under suspension, and his failures to respond to the notices of the committee.

On the same day the complaint was filed, the committee also filed requests for admissions. As of the date of the hearing, the requests remained unanswered. At the hearing, Burrows admitted that most of the assertions in the request for admissions were true.

I. *The Estate Matter.*

█ It is clear that the dilatory handling of an estate by an attorney constitutes a violation of the code of professional responsibility. *See, e.g., Committee on Professional Ethics & Conduct v. Thompson,* 328 N.W.2d 520, 522 (Iowa 1983); *Committee on Professional Ethics & Conduct v. Sylvester,* 318 N.W.2d 212, 213 (Iowa 1982); *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 536 (Iowa 1981); *Committee on Professional Ethics & Conduct v. Bitter,* 279 N.W.2d 521, 524–25 (Iowa 1979).

In *Bitter,* we discussed a violation based upon neglect of a legal matter under disciplinary rule 6–101(A)(3):

[This] rule, however, does not proscribe mere delay—it must amount to "neglect." Application of the rule should require a lawyer to complete legal matters entrusted to him in a reasonably timely manner. If necessary, he should decline additional legal matters if accepting them would result in neglecting pending matters, seek assistance, or disengage himself from these lingering matters and allow another lawyer to complete them. *Reasonable adherence to the rule should also involve positive response to the prodding of the district court and its personnel.*

*Bitter*, 279 N.W.2d at 524 (emphasis added).

In the present case, as in *Bitter*, the failure to complete the estate in a timely manner was compounded by a persistent refusal to respond to notices and inquiries by the district court and its clerk. We believe the evidence, which was uncontradicted, established by a convincing preponderance of the evidence that the respondent violated these disciplinary rules: DR 1–102(A)(1) (violation of disciplinary rules); DR 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law); EC 6–1 (failure to act with competence and proper care in representing clients); DR 6–101(A)(3) (neglect of a legal matter entrusted); and DR 7–101(A)(2) (failure to carry out contract of employment by client).

## II. *Failure to Cooperate with Committee.*

In *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 9 (Iowa 1985), we recognized separate rule violations for a lawyer's failure to cooperate with investigations of the ethics committee, and this rule has been applied in several subsequent cases. *See, e.g., Committee on Professional Ethics & Conduct v. Stienstra*, 395 N.W.2d 638, 640 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Free*, 394 N.W.2d 373, 374 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135, 137 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Bromwell*, 389 N.W.2d 854, 857 (Iowa 1986).

Burrows' failure to respond in any way to the notices and inquiries of the committee frustrated the disciplinary process and violated DR 1–102(A)(5) (conduct prejudicial to administration of justice) and DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law). *See Horn*, 379 N.W.2d at 9.

## III. *Disposition.*

We conclude that these acts of misconduct warrant a suspension of Burrows' license to practice law. In imposing discipline, we consider the fact that the respondent has been previously disciplined. *See Stienstra*, 395 N.W.2d at 640. As already noted, Burrows was suspended earlier for his failure to comply with our client security and continuing legal education requirements. (We do not, however, impose separate sanctions for Burrows' continued representation of this estate during his suspension; he has been previously punished for that offense by a contempt order of this court entered on September 4, 1984.)

We hold that Burrows' suspension presently in effect should be extended with no possibility of reinstatement for a period of at least three months beyond such time as he would otherwise qualify for reinstatement under our client security and the continuing legal education rules. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct. R. 118.12.

Upon any application for reinstatement, the respondent shall establish that he has not practiced law during the period of his suspension and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys.

LICENSE SUSPENDED.