COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Richard A. LARSEN, Respondent.**

No. 87–289.

Supreme Court of Iowa.

June 17, 1987.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., and Norman G. Bastemeyer, Des Moines, for complainant.

Earl A. Payson, Davenport, for respondent.

Richard A. Larsen, Davenport, pro se.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

This matter is before us on review of a decision of the Grievance Commission of this court pursuant to Iowa Supreme Court Rule 118.10. The Committee on Professional Ethics and Conduct filed a complaint charging respondent, Richard A. Larsen, with violations of the Iowa Code of Professional Responsibility for Lawyers. The complaint charges that respondent was delinquent in his handling of an estate and a conservatorship and that he failed to cooperate with the committee in its investigation of these matters. The matter was heard before the sixteenth division of the Grievance Commission, which recommended that respondent be reprimanded.

The record made before the Grievance Commission shows that respondent has been licensed to practice law in this state since September 9, 1966. His practice consists primarily of corporate and real estate matters. He has had little experience in handling estate and conservatorship matters. On November 1, 1985, respondent was attorney of record for the conservator of Scott Edward Haynes in a conservatorship pending in the Iowa District Court for Scott County. He was also attorney of record at this time for the personal representative in the Clifford Charles Markham estate pending in the same court.

On or about that date, respondent received delinquency notices from the clerk of the district court with respect to the untimely processing of certain matters required to be performed in these probate files. On January 1, 1986, the clerk of the district court reported these delinquencies as required by Iowa Code section 633.32 (1985) and rule 5 of the Iowa Rules of Probate Procedure. On February 7, 1986, the Committee on Professional Ethics and Conduct sent a letter to respondent by certified mail notifying him of a complaint against him by that committee as a result of his failure to remove the probate delinquencies. This letter advised respondent that a timely response was required.

Respondent did not take any action in connection with this communication, although he concedes that he received it. On April 15, 1986, the Committee on Professional Ethics and Conduct sent a second letter to respondent by certified mail requesting a reply to its letter of February 7,

1986. This letter also informed respondent that unless he responded within ten days an additional complaint might be filed against him for failure to cooperate with the committee. This second letter was received by respondent on April 16, 1986, but he made no response thereto.

On May 28, 1986, the committee publicly reprimanded respondent for his conduct in regard to the probate delinquencies, his failure to remove the delinquencies upon notice from the clerk of the district court, and his failure to cooperate with the committee. A letter advising of this reprimand was mailed to respondent by certified mail on May 29, 1986. That letter also notified him that, unless action was taken to cure the probate delinquencies, further disciplinary action would be pursued by the committee. Although respondent denies having received the May 28, 1986, letter, it was receipted for by his secretary.

Respondent stated at the hearing that he first learned of the public reprimand on July 22, 1986, upon being notified by this court. He indicated that shortly thereafter the chief judge of the seventh judicial district contacted him with regard to the activities necessary to close the Markham estate. As a result of those suggestions, respondent promptly moved that matter to conclusion. An order closing the Markham estate was filed on August 25, 1986.

The delinquencies in the Haynes conservatorship still were not cured at the time of the November 19, 1986, hearing before the Grievance Commission on the present complaint. In a brief filed with the Grievance Commission subsequent to the hearing, respondent certified that all delinquencies in the Haynes conservatorship had been cured and that he had been permitted by appropriate order of the district court to withdraw as attorney for the conservator for purposes of future proceedings.

Knowing failure to comply with statutory or court-ordered deadlines for the taking of necessary actions in estates and conservatorships may constitute a violation of Iowa Code of Professional Responsibility DR 6–101(A)(3). *E.g., Committee on Professional Ethics & Conduct v. Bromwell,*

389 N.W.2d 854, 856–57 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 536–37 (Iowa 1981); *Committee on Professional Ethics & Conduct v. Bitter,* 279 N.W.2d 521, 524–25 (Iowa 1979). In addition, it is clearly a violation of DR 1–102(A)(5) and DR 1–102(A)(6) to knowingly fail to cooperate with the Committee on Professional Ethics and Conduct in its investigation of a claimed ethical violation. *Committee on Professional Ethics & Conduct v. Stienstra,* 390 N.W.2d 135, 137 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Horn,* 379 N.W.2d 6, 9 (Iowa 1985). Upon reviewing the entire record, we agree with the Grievance Commission that the evidence establishes violation of these disciplinary rules by respondent with regard to his handling of the estate and conservatorship and his failure to cooperate in the committee's investigation.

The record indicates that a lack of cooperation on the part of the fiduciaries in the Haynes conservatorship and the Markham estate was at least partially responsible for respondent's problems in regard to the delinquent status of those matters. This circumstance, however, does not excuse respondent's failure to take any formal action with the court with regard to the default situation which had been permitted to occur in the conservatorship and the estate. The Grievance Commission found that, prior to the occurrences involved in the present complaint, respondent enjoyed a good reputation for professional competence and integrity. The incidents involved in the present case were deemed by the commission to be isolated events inconsistent with respondent's normal method of conducting his law practice. Upon considering all of these circumstances, the commission recommended that respondent be disciplined by a reprimand. We concur with that recommendation and hereby reprimand respondent Richard A. Larsen for his conduct.

ATTORNEY REPRIMANDED.