**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Carl H. MILLER, Respondent.**

**No. 87–713.**

Supreme Court of Iowa.

Sept. 23, 1987.

Kasey W. Kincaid and James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Hedo Zacherle, and Norman G. Bastemeyer, Des Moines, for complainant.

Carl H. Miller, Maquoketa, pro se.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and LAVORATO, JJ.

LARSON, Justice.

The grievance commission of this court recommended a suspension of the license of Carl H. Miller as a sanction for his neglect of two estates and his refusal to respond to letters of inquiry from the Committee on Professional Ethics and Conduct. All of the material allegations of the complaint concerning Miller's neglect of the estates and his failure to respond to committee inquiries were admitted by him at the hearing. We agree with the findings and recommendations of the commission and order Miller's license to be suspended for a minimum of three months.

## I. *The Probate Matters.*

The estate of Dorcas L. Hoff was opened on September 16, 1981, and Miller was designated as attorney. It was a small estate, consisting only of a parcel of real estate valued at $4000. Title problems arose on the proposed sale of the real estate, but Miller made virtually no effort to cure them. As various filing deadlines passed, Miller received a notice of delinqency from the clerk of district court and inquiries from the ethics committee, which had received a complaint from the executor.

Despite the delinquency notice and the committee inquiries, the estate continued to languish in inaction. At the commission hearing, attorney Miller candidly admitted he "[hadn't] the faintest idea" how to close the estate and, at the time of the commission hearing in January 1987, it was apparently still open.

A second complaint, consolidated for hearing before the commission, concerned the estate of Leo A. Weber, which had been opened by Miller on May 21, 1985. On November 1, 1985, the clerk of district court notified Miller that he was delinquent in the filing of the probate inventory. Miller failed to cure the delinquency, and a complaint was filed with the ethics committee. The committee sent several letters urging Miller to cure the delinquency. He ignored the letters, despite the fact they warned him of possible disciplinary proceedings. As of the commission hearing, the inventory still had not been filed.

While Miller testified he was an alcoholic who had been sober for only nine months as of the time of the hearing, he did not blame this problem for his mishandling of the estates. He offered no explanation except he was over his head when he got into probate matters.

We agree with the commission that the following violations of the Code of Professional Responsibility were established by a "convincing preponderance of the evidence," *see Committee on Professional Ethics & Conduct v. Crawford,* 351 N.W.2d 530, 531 (1984): DR 1–102(A)(1) (violation of disciplinary rules); DR 1–102(A)(5) (conduct prejudicial to administration of justice); DR 1–102(A)(6)(engaging in conduct adversely reflecting on fitness to practice law); DR 6–101(A)(1) (handling of legal matters which lawyer is not competent to handle); DR 6–101(A)(3) (neglect of legal matter entrusted to lawyer); DR 7–101(A)(2) (failure to carry out contract of employment with client); EC 6–1 (failure to act with competence and proper care); EC 6–4 (failure to qualify and to prepare adequately for legal work).

## II. *Failure to Cooperate in Investigation.*

A lawyer's failure to cooperate in an investigation by the ethics committee constitutes a separate violation of the code of professional ethics. *Committee on Professional Ethics & Conduct v. Burrows*, 402 N.W.2d 749, 752 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135, 137 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 7–9 (Iowa 1985).

In the Hoff estate, the committee wrote to Miller on August 26, 1985, notifying him that a complaint had been filed by the executor and enclosing a copy of the complaint. The committee requested Miller's response. When he did not respond, the committee wrote a second letter, on September 26, 1985, again requesting a response and informing Miller that his continued failure to respond could result in a disciplinary complaint. On October 11, 1985, still not having received a response, the committee wrote a third letter advising Miller that, if a response was not received in ten days, the complaint would be forwarded to the grievance commission of the supreme court. Miller did not respond, and the matter was referred to the commission. Miller admitted at the commission hearing that he had received all three letters but had not responded to any of them.

On April 11, 1986, the committee wrote to Miller in regard to his delinquency in the Weber estate and requested a response. When no response was received, another letter was sent on June 13, advising Miller of the possible filing of a complaint with the grievance commission.

On August 18, the secretary of the grievance commission wrote to Miller and enclosed a copy of a letter from the ethics committee reprimanding him for his mishandling of the estate. The letter notified Miller that he had thirty days to file exceptions with the grievance commission and, if he failed to do so, he would be subject to public reprimand by the supreme court. He filed no exceptions, and on November 10, 1986, we ordered a public reprimand.

We believe Miller's failure to cooperate in the investigation of the Hoff and Weber estates justified disciplinary action by the court as separate violations of these provisions of the Code of Professional Responsibility: DR 1–102(A)(5) (conduct prejudicial to administration of justice) and (6) (engaging in conduct adversely reflecting fitness to practice law).

## III. *Disposition.*

We conclude these ethical violations warrant an indefinite suspension of Miller's license to practice law with no possibility of reinstatement for three months from the date of this opinion. This suspension shall apply to all facets of the practice of law, Iowa Sup.Ct.R. 118.12, and any application for reinstatement shall be governed by rule 118.13.

In any application for reinstatement, Miller shall establish that he has established office practices that will assure his completion of future legal matters in a timely manner. Costs are assessed to Miller pursuant to Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.