COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Charles Lee ELSON, Respondent.

No. 88–931.

Supreme Court of Iowa.

Oct. 19, 1988.

As Corrected Dec. 5, 1988.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

L.P. Van Werden and Gary G. Kimes of Reynoldson, Van Werden, Kimes, Reynoldson, Lloyd & Wieck, Osceola, for respondent.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The Committee on Professional Ethics and Conduct of the Iowa Bar Association (committee) filed a complaint against Charles Lee Elson. The committee claimed Elson violated the Iowa Code of Professional Responsibility for Lawyers arising from his handling of seven estates. The complaint was heard by a division of the Grievance Commission (commission) and it found Elson had been dilatory in handling each of these probate matters, had closed three of the estates without proper notice and accounting, and had obtained attorney fees in probate without prior court authorization or approval. The commission unanimously recommended that Elson's penalty be no more severe than a reprimand.

We review de novo the record made before the commission, determine the matter, and take appropriate action. Iowa Sup.Ct. R. 118.10. Although the commission's findings or recommendations are not binding, we accord them respectful consideration. *Committee on Professional Ethics & Conduct v. Rogers*, 313 N.W.2d 535 (Iowa 1981).

Since his admission to the Iowa Bar in 1947, Elson has maintained a law practice in Leon, Decatur County, Iowa. Approximately one-third of his practice was devoted to providing legal assistance to personal representatives of estates. He has provided such services in over 1000 estates over the past forty years.

The complaint arose from Elson's handling of the following seven estates: Halstead, opened in April 1962; Griffin, opened in December 1965; Russell, opened in November 1971; Barrett, opened in September 1983; Ross, opened in December 1983; Hermbry, opened in February 1984; and Frost, opened in October 1984.

The committee filed its complaint in January 1988 after an investigation that was triggered by the report of delinquency made by the clerk of court. Under the provisions of the Iowa Probate Code, effective January 1, 1964, final settlement of estates shall be made within three years after the second publication of notice to creditors, unless otherwise ordered by the court after notice to all interested parties. Iowa Code § 633.473 (1987). On May 1, 1987, the clerk of court gave Elson notice of delinquency in all but the Frost estate. When no final report or order was filed by Elson concerning these estates before July 1, 1987, the clerk reported the matter to the presiding judge, the chief judge of the judicial district, and the court administrator. *See* Iowa Code § 633.32 (1987) & Iowa R.Prob.P. 5. The court administrator then transmitted Elson's name to the committee as an attorney who had received and ignored a notice of delinquency. Iowa R.Prob.P. 5(c).

The record made before the commission established that Elson had received seven prior notices of delinquency in the Russell estate and one prior notice of delinquency in the Halstead, Griffin, and Barrett estates. Except for the Frost estate, all of the involved estates were not closed within three years after the second publication of the notice to creditors. Three of the delinquent estates were eventually closed by the court upon Elson's application. Although his application stated that there were no

assets to distribute, Elson failed to provide an accounting of the assets shown upon the inventory or the disbursement of estate assets. In all seven estates Elson received his attorney fee before the fee had been determined and allowed by court order.

We find, as did the commission, that Elson violated DR 6–101(A)(1)(3) (lawyers shall not handle matters which they know or should know they are not competent to handle); DR 6–101(A)(3) (lawyers shall not neglect any legal matter entrusted to their care); EC 6–1 (requiring competence and proper care in representing clients); and EC 6–4 (requiring adequate preparation and appropriate attention to legal work).

Disciplinary sanctions may be imposed for violations of either disciplinary rules or ethical considerations. *Committee on Professional Ethics & Conduct v. Getscher*, 356 N.W.2d 557, 559 (Iowa 1984). Dilatory or neglectful handling of an estate by an attorney constitutes a violation of the Code of Professional Responsibility. *Committee on Professional Ethics & Conduct v. Megan*, 402 N.W.2d 432, 433 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Burrows*, 402 N.W.2d 749, 751 (Iowa 1987). Failure to comply with the statutorily ordered deadline for closing an estate also constitutes a violation. *Committee on Professional Ethics & Conduct v. Larsen*, 407 N.W.2d 601, 602 (Iowa 1987). Elson made no reasonable effort to comply with the three-year closing requirement of Iowa Code section 633.473. His belated attempts to avoid filing either final or annual reports demonstrate his carelessness in handling the estates. The fact that an estate is small and the attorney fee is modest does not justify an attorney's failure to promptly and properly handle the estate proceedings.

Elson suggests the fiduciary in the Russell estate failed to cooperate with him in closing the estate. This is no excuse for his failure to take appropriate action to comply with statutory requirements. *See Larsen*, 407 N.W.2d at 602. The failure of a fiduciary or beneficiary of an estate to complain about delay does not serve as an excuse for an attorney to ignore statutory

requirements or probate rules. The creation of an attorney-client relationship triggers significant ethical responsibilities.

Elson received attorney fees of $450, $750, $1720, $250, $440, and $1500 for handling six of the estates. Attorneys are prohibited from receiving probate administration fees until after the amount of the fees is fixed by the court. Iowa Code §§ 633.197–.198 (1987). Under our probate rules adopted in November of 1979, specific fee application was required and a schedule for paying fees for the personal representative and their attorneys was adopted. Iowa R.Prob.P. 2. The ratification by the court of attorney fees in probate matters does not remove the impropriety of the prior payments. *Committee on Professional Ethics & Conduct v. Coddington,* 360 N.W.2d 823, 824–25 (Iowa 1985). Furthermore, neither unfamiliarity with the legal requirements nor near completion of the work necessary to close the estate can be an excuse for receiving an unauthorized attorney fee. *Committee on Professional Ethics & Conduct v. Winkel,* 415 N.W.2d 601, 603 (Iowa 1987).

Although a license suspension may be justified, we will follow the recommendation of the commission that Elson be reprimanded. In other cases involving dilatory and neglectful handling of estate matters, we have often imposed a more severe sanction. However, a review of these cases often reveals that the attorney failed to cooperate with the Ethics Committee. *See, e.g., Committee on Professional Ethics & Conduct v. Minette,* 424 N.W.2d 459, 460 (Iowa 1988); *Committee on Professional Ethics & Conduct v. Burrows,* 402 N.W.2d 749, 752 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 537 (Iowa 1981). Here, Elson fully cooperated with the Committee and modified his office practice to avoid future difficulties. Evidence was received demonstrating Elson is competent to handle probate matters and his character and reputation for honesty and integrity are not in question. The attorney fees collected were not in excess of the maximum statutory fee allowance and it does not appear that the

delay in handling the estates resulted in any financial loss to interested parties.

We hereby reprimand Attorney Elson. It is further ordered that the costs of this action be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.22.

ATTORNEY REPRIMANDED.