**The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Eric H. LEED, Respondent.**

No. 91–1115.

Supreme Court of Iowa.

Nov. 20, 1991.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Eric H. Leed, Friday Harbor, Washington, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

In this attorney disciplinary proceeding involving the respondent, Eric H. Leed, we review the Grievance Commission's findings and recommendations. *See* Iowa Sup. Ct. R. 118.10. We suspend Leed's license to practice law indefinitely, with no possibility of reinstatement for a period of three months from the date of this opinion.

In 1986 Leed agreed to represent Joanne Bussing in connection with her late husband's termination from employment in the 1970s. Before 1986, Leed had represented the Bussings and their two sons on various other matters.

Apparently, Joanne had pursued an action against her husband's employer, which had gone to trial in the Nebraska Federal District Court in the late 1970s. The trial had resulted in a verdict adverse to Joanne. By the time Joanne sought Leed's assistance on the claim, the appeal period had long expired. Nevertheless, Leed told her he "would look into it to see if anything could be done to assist her." Joanne provided Leed with depositions and other documents from the federal district court litigation.

Leed contacted Mr. Bussing's former employer. Leed was able to convince the employer that a mistake had been made in the completion of an election of death benefits form. As a result of Leed's efforts, Joanne received additional death benefits.

In his conversation with the employer, Leed was not able to convince the employer that additional benefits were due because of Mr. Bussing's termination. The employer was adamant that the termination claim had been litigated in favor of the employer.

In early June 1989, Leed wrote Joanne about his move to the state of Washington. In this letter, Leed makes the following assurances:

I would still like to help you out with Campbell Soup (Mr. Bussing's former employer), and I think I will be able to for awhile yet, even from Washington. As soon as I am settled, I will contact you and we can discuss what I will and won't be able to do. This will probably be a couple of weeks, so your patience will be appreciated. I will contact you soon.

Leed did not contact Joanne as he had promised. This prompted Joanne to file a complaint with the Ethics Committee. The Committee forwarded a copy of the complaint to Leed and asked for a response. *See* Grievance Comm'n R. 6.

Leed responded to the Committee's request by letter in late November 1989. In this letter, Leed explained what he had done for Joanne and ends by saying:

I had thought that these matters were clear to Mrs. Bussing, and that a reopening of the original case was not possible. As a result of my actions in handling this matter, Mrs. Bussing was not required to expend any additional funds. Tran-

scripts were purchased at the time of the original proceedings. *Any additional materials that I may have at this time will be returned to Mrs. Bussing.*

(Emphasis added.) Leed neither contacted Joanne nor did he return the materials he had received from her.

■ The Committee filed a complaint against Leed. The Committee alleged unethical conduct based on Leed's alleged abandonment of the termination claim and his failure to return Joanne's materials to her. More specifically, the Committee alleged a violation of the following provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5; DR 1–102(A)(1); DR 1–102(A)(6); DR 2–110(A)(2); DR 6–101(A)(3); DR 7–101(A); and DR 9–102(B)(4).

Neither Leed nor Joanne appeared at the hearing on the complaint. The Committee introduced a request for admissions to which Leed did not respond. *See* Iowa R.Civ.P. 127. The Committee also introduced the two letters mentioned and a certified copy of a public reprimand against Leed. The reprimand was issued in December 1989. No further evidence was offered or received.

Based on this evidence, the Commission found that the Committee had established its burden of proof on only two of the disciplinary rules and ethical considerations relied on by the Committee. These were DR 1–102(A)(1) (lawyer shall not violate a disciplinary rule) and DR 2–110(A)(2) (lawyer shall not withdraw from employment without giving due notice to client, allowing time for employment of other counsel, delivering to client all papers and property to which client is entitled).

The Commission noted that there was no record evidence that the claim was viable or that Joanne had ever requested the return of her materials. The Commission also noted that there was no record evidence that any of the materials had any value or usefulness. In view of this lack of evidence, the Commission felt that ordinarily only a reprimand would be warranted. But because of the prior reprimand, the Commission believed a suspension of three months was appropriate.

Leed has not appealed from the Commission's report to this court. *See* Iowa Sup. Ct.R. 118.11. In all cases, we review de novo the record made before the Commission. *See* Iowa Sup.Ct.R. 118.10. We independently determine the matter and take appropriate action on it. *Id.*

■ We follow established standards in our review of disciplinary proceedings. The Commission's findings, while considered, are not binding on us. The allegations of the complaint must be proved by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Lawler,* 342 N.W.2d 486, 487 (Iowa 1984). The substance of a request for admissions may be relied on to meet this evidentiary burden if not denied or otherwise objected to by the respondent. *Committee on Professional Ethics & Conduct v. Freed,* 341 N.W.2d 757, 759 (Iowa 1983); Iowa R.Civ.P. 127.

■ In imposing sanctions, we are guided by certain well-accepted principles. Although we are not bound by the Commission's recommendations, we give respectful consideration to them. In determining the appropriate discipline, we consider the lawyer's fitness to practice law. We also consider important the deterrence of others from similar conduct and the public's trust in our resolve to maintain the ethics of the profession. *Committee on Professional Ethics & Conduct v. Stienstra,* 390 N.W.2d 135, 137 (Iowa 1986).

Like the Commission, we think the misconduct here would ordinarily warrant a public reprimand. However, the prior reprimand on top of the present misconduct compels us to accept the Commission's judgment on the sanction. Otherwise, our goals of deterrence and public confidence would be frustrated. *See Committee on Professional Ethics & Conduct v. Rosene,* 412 N.W.2d 634, 637 (Iowa 1987) (a prior public reprimand may be considered on the question of sanctions); Iowa Sup.Ct.R. 118.7.

We therefore suspend Leed's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for three months from the date of this opinion. This suspension applies to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12.

Costs are assessed to Leed pursuant to Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.