**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA BAR ASSOCIATION, Complainant,**

v.

**Francis L. FREE, Respondent.**

No. 86–766.

Supreme Court of Iowa.

Oct. 15, 1986.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Francis L. Free, Hinton, pro se.

Considered by HARRIS, P.J., and Mc-GIVERIN, LARSON, CARTER, and LA-VORATO, JJ.

LAVORATO, Justice.

The Grievance Commission recommended that Francis L. Free be suspended from the practice of law but recommended no period of suspension. In the alternative, the commission recommended that Free be reprimanded if he voluntarily surrendered his license to practice law prior to this appeal.

The commission found that Free, in handling an estate, violated Iowa Code of Professional Responsibility for Lawyers DR6–101(A)(3) (neglecting a legal matter), EC6–1 (failing to act with competence and proper care), and EC6–4 (failing to adequately prepare for and appropriately attend to legal work). The commission also found that he failed to assist the Committee on Professional Ethics and Conduct, in violation of DR1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR1–102(A)(6) (engaging in conduct ad-

versely reflecting on fitness to practice law), EC1-4 (failing to assist the committee), and EC1-5 (failing to maintain high standards of professional conduct).

Upon our de novo review, *see* Iowa Sup. Ct.R. 118.10, we agree with the commission that Free was guilty of these ethical violations. We suspend Free's license to practice for three months.

In the fall of 1982, Free was retained to handle an estate. On November 22 he filed a petition for probate of will and appointment of executor in the district court. On May 1 and November 1, 1983, Free received notices of delinquency from the district court clerk's office because the probate inventory had not been filed. He filed this inventory, along with a preliminary inheritance tax report, on May 11, 1984.

On August 1, 1985, a distributee of the estate notified the committee that Free

[o]n numerous occasions by phone and in writing ... has promised to finish the estate by a given deadline and has failed to do so. Although the heirs have received partial disbursement of inheritance, I have not received requested accounts, statement of tax liability, final inventory and copies of tax returns so I may properly report my income to federal and state government.

On August 12, 1985, the committee mailed a copy of this letter to Free, and asked him to respond. It received no response. On September 26 the committee again wrote to Free, but again it received no response. On October 11 the committee wrote a third letter to Free, advising him to respond within ten days. This letter was returned to the committee with the notation: "He would not pick this up." On November 20 the committee filed its complaint with the commission. Free neither responded to it nor answered a request for admissions.

Free testified that, from 1980 through 1983, he was occupied with the care of his terminally-ill wife. He had "lost all interest in a lot of things" due to his wife's illness, but admitted his sorrow was not an excuse for failing to close the estate. He added he had waived his fees in handling the estate.

The evidence supports the commission's finding that Free violated DR6-101(A)(3), EC6-1, and EC6-4. He failed to comply with the time requirements in Iowa Code sections 633.361 (filing of preliminary inheritance tax report and probate inventory) and 633.473 (closing of estate). *See also* Iowa Code § 450.6 (accrual of inheritance tax). These failures clearly demonstrate neglect within the meaning of DR6-101(A)(3), EC6-4, *see Committee on Professional Ethics and Conduct v. Bromwell*, 389 N.W.2d 854, 856-57 (Iowa 1986), and EC6-1.

The evidence also supports the commission's finding that Free violated DR1-102(A)(5), (A)(6), EC1-4, and EC1-5, for failing to respond to the committee's three letters. Failure to respond to a disciplinary committee's inquiries is misconduct. *Bromwell*, 389 N.W.2d at 857.

Although the commission recommended that Free's license be suspended, it declined to recommend a period of suspension:

The commission recommends the suspension of the license to practice law in the State of Iowa by the respondent, Francis L. Free. Since the respondent has indicated his desire to surrender his license to the Court after he has completed the administration of the Didier estate [the subject of this complaint] and an ancillary administration of an estate for a relative, the commission has made no recommendation as to the period of suspension.

In the interest of justice, the commission would further recommend that if the respondent voluntarily surrenders his license prior to the Court entering its final order on this complaint, that in lieu of suspension of license the respondent be reprimanded by the Court.

Free has not surrendered his license nor has he made application for inactive status pursuant to Iowa Supreme Court Rule 123.-7.

We suspend Free's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for three months from the date this opinion is filed. This suspension applies to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13.

LICENSE SUSPENDED.