COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the Iowa STATE BAR ASSOCIATION, Complainant,

v.

Warren R. STIENSTRA, Respondent.

No. 86–1026.

Supreme Court of Iowa.

Nov. 12, 1986.

James Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

Warren R. Stienstra, Sioux City, pro se.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

Two separate disciplinary matters involving attorney Warren R. Stienstra were consolidated for hearing before the Grievance Commission, which recommended suspension of his license to practice law. We agree and now enter an order of suspension.

The first of the present disciplinary actions involves Stienstra's handling of the estate of John Bretthauer; the second in-

volves the mishandling of an accident claim for Phillip Meier. Common to both disciplinary cases is the failure of Stienstra to respond to inquiries by investigating authorities of the Committee on Professional Ethics and Conduct. An earlier case involved a similar lack of cooperation by Stienstra and resulted in a reprimand. *See Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135 (Iowa 1986).

## I. *The Estate Matter.*

The estate of John Bretthauer was opened by Stienstra in September, 1976. The estate remained open until March, 1986, over nine years after probate was commenced. In the interim, Stienstra received notices of delinquency by the clerk's office on May 1, 1981; November 1, 1981; May 2, 1983; November 1, 1984; and May 1, 1985. In addition, pursuant to Iowa Code section 633.32 and Iowa Rule of Probate Procedure 5, the clerk reported these delinquencies to the presiding judge, and ultimately to the Committee on Professional Ethics and Conduct. No response to the clerk's delinquency notices were made by Stienstra until October 16, 1985, when he simply filed a copy of a letter written by him to the Iowa Department of Revenue inquiring about the status of the certificate of income tax acquittance.

Inquiries by investigating personnel of the Bar Association Commission met with no response. In fact, the estate was not closed until well after this disciplinary complaint was filed. Stienstra admitted that he had failed to respond to the clerk's delinquency notices and to the inquiries by the committee. He offered no plausible response for his failure to close the estate in a reasonably timely manner.

Repeated failures to respond to committee inquiries, we have said, is itself misconduct. *See Stienstra*, 390 N.W.2d at 137; *Committee on Professional Ethics & Conduct v. Bromwell*, 389 N.W.2d 854, 857 (1986).

We conclude that Stienstra's dilatory handling of this estate and his continuing failure to respond to inquiries of investigating authorities violated the following rules of professional conduct: DR 1–102(A)(1), (5), and (6); EC 6–1; EC 6–4; and DR 6–101(A)(3).

## II. *The Lawsuit.*

In 1980, Stienstra assumed the representation of Phillip Meier in a claim for damages arising out of an accident. Stienstra negligently allowed the two-year statute of limitations to run on the case. In an attempt to compensate his client for the loss of his claim, Stienstra agreed to reimburse him in monthly installments. When Stienstra defaulted, Meier filed a disciplinary complaint. The committee sent several letters of inquiry to Stienstra, and, again, Stienstra ignored them. This complaint followed. Stienstra signed a promissory note to Meier and, according to his testimony at the commission hearing, had nearly completed payment on it. Stienstra offered no reason for frustrating the committee's attempts to investigate. We conclude Stienstra's conduct in the Meier case, and the ensuing investigation, violated DR 1–102(A)(1), (5), and (6); EC 6–1; EC 6–4; DR 6–101(A)(3); and DR 7–101(A)(1), (2), and (3).

In imposing discipline, we give consideration to the fact that the respondent has committed other violations of the Code of Professional Responsibility. *See Committee on Professional Ethics & Conduct v. Hurd,* 360 N.W.2d 96, 105–06 (Iowa 1984). As already noted, Stienstra has been disciplined for his lack of cooperation with investigating authorities.

We suspend Warren R. Stienstra's license to practice law in this state indefinitely, with no possibility of reinstatement for three months from the date this opinion is filed. The suspension shall apply to all facets of the practice of law. Iowa S.Ct.R. 118.12.

Upon any application for reinstatement, the respondent shall establish that he has not practiced law during the period of his suspension and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys.

LICENSE SUSPENDED.