**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Michael MEGAN, Respondent.**

No. 86-1793.

Supreme Court of Iowa.

March 18, 1987.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Michael Megan, Iowa City, pro se.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

The Grievance Commission recommended that Michael Megan be suspended from the practice of law. We agree and suspend Megan's license to practice law for six months as recommended by the commission.

The ethical violations with which Megan was charged arose out of the handling of an estate. The alleged violations included failing to cure a delinquency, failing to respond to inquires from the Committee on Professional Ethics and Conduct, and allowing the statute of limitations to expire on a potential wrongful death claim on behalf of the estate.

On August 23, 1980, eight-year-old Link E. Bezel drowned in a swimming pool located in an apartment complex in Iowa City. About a month later, the boy's mother, Patricia A. Bezel, sought legal advice from Megan about a possible lawsuit against the complex because of her son's death. Megan told Patricia that "it looked like a viable lawsuit" because of lack of supervision at the pool. Patricia made no decision at the first meeting to proceed with the lawsuit.

Megan had no further contact with Patricia until April 1981, at which time she asked Megan to proceed with the lawsuit. Megan prepared and had Patricia sign a petition for administration and appointment of an administrator, requesting that she be appointed administrator.

Megan did nothing further in the estate proceeding until August 19, 1982, four days before the expiration of the statute of limitations on the lawsuit. On that date he filed the petition for administration and order appointing Patricia administrator together with a designation of attorney designating himself as attorney for the estate.

No further activity occurred in the estate until November 1, 1985, when the clerk filed and served a notice of delinquency in the estate indicating that the fiduciary had never qualified.[1] On January 2, 1986, pursuant to Iowa Code section 633.32 (1985) and Iowa Rule of Probate Procedure 5, the clerk reported the delinquency to the presiding judge, who entered an order noting the delinquency and directing the attorney and fiduciary to appear on March 6, 1986, to show cause why the fiduciary should not be removed. Megan did not respond to the notice of delinquency nor did he appear at the March 6 hearing.

The Committee on Professional Ethics and Conduct notified Megan by letter on two different occasions, February 10, 1986, and April 15, 1986, about the delinquency and requested a response. Although Megan received both letters, he answered neither.

On June 6, 1986, the committee issued a public reprimand of Megan for his failure to cure the delinquency. In its letter of reprimand, the committee directed Megan to cure the delinquency and make a report of the cure to it within sixty days. Megan did neither. In fact, the delinquency was still outstanding on the date of the hearing in this disciplinary proceeding.

Megan admitted he had failed to cure the delinquency in the estate in a timely manner and had failed to respond to the clerk's delinquency notice as well as to the letters of the committee. He also admitted he had allowed the statute of limitations to expire on the lawsuit. He offered no reasonable explanation for his actions.

The commission found that Megan's conduct violated Iowa Code of Professional Responsibility for Lawyers DR1–102(A)(1) (violating a disciplinary rule), (5) (engaging in conduct that is prejudicial to the administration of justice), (6) (engaging in conduct adversely reflecting on fitness to practice law); DR6–101(A)(3) (neglecting legal matters); DR7–101(A)(1) (failing to seek lawful objectives of his client), (2) (failing to carry out a contract of employment entered into with a client), (3) (prejudicing or damaging his client during the course of the professional relationship); EC1–5 (failing to maintain high standards of professional conduct); EC6–1 (failing to act with competence and proper care in representing clients); and EC6–4 (failing to prepare adequately for and give appropriate attention to legal work).

We conclude the evidence amply supports the commission's findings. We have repeatedly held that the neglectful handling of estates is a violation of the Iowa Code of Professional Responsibility. *Committee on Professional Ethics & Conduct v. Stienstra*, 395 N.W.2d 638, 640 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Free*, 394 N.W.2d 373, 374 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Bromwell*, 389

1. No oath of fiduciary was filed, *see* Iowa Code § 633.168 (1985), nor were letters of administration issued by the clerk, *see* Iowa Code § 633.-178 (1985).

N.W.2d 854, 856–57 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Martin,* 375 N.W.2d 235, 237–38 (Iowa 1985); *Committee on Professional Ethics & Conduct v. Thompson,* 328 N.W.2d 520, 522 (Iowa 1983); *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 536 (Iowa 1981); *Committee on Professional Ethics v. Bitter,* 279 N.W.2d 521, 524–25 (Iowa 1979). We have also held that repeated failures to respond to committee inquiries constitute misconduct. *Stienstra,* 395 N.W.2d at 640; *Committee on Professional Ethics & Conduct v. Jackson,* 391 N.W.2d 699, 701–03 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Stienstra,* 390 N.W.2d 135, 137 (Iowa 1986); *Bromwell,* 389 N.W.2d at 857; *Committee on Professional Ethics & Conduct v. Horn,* 379 N.W.2d 6, 7–9 (Iowa 1985). Finally, the ethical violations found by the commission are broad enough to cover Megan's conduct in allowing the statute of limitations to expire on the estate's only viable asset: the lawsuit. *See Stienstra,* 395 N.W.2d at 640; *Jackson,* 391 N.W.2d 699, 701 (Iowa 1986).

We suspend Megan's license to practice law in this state indefinitely, with no possibility of reinstatement for six months. The suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.-12.

Upon any application for reinstatement, Megan shall establish that he has not practiced law during the period of his suspension and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys.

LICENSE SUSPENDED.