COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

James M. HANEY, Respondent.

No. 88–1536.

Supreme Court of Iowa.

Feb. 22, 1989.

Charles L. Harrington and Norman G. Bastemeyer, Des Moines, for complainant.

Michael Winter, Council Bluffs, for respondent.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This lawyer disciplinary matter is before the court for our review and final disposition in accordance with Iowa Supreme Court Rule 118.10. The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) charged that attorney James M. Haney neglected two probate matters and then failed to remedy the delinquencies or respond to numerous inquiries by the clerk of court and the committee. A division of the Grievance Commission assigned to hear the case found that the committee's allegations were supported by a convincing preponderance of the evidence. It recommended that Haney's license to practice law be suspended for three months. Having reviewed the record made before the commission, we concur in its findings and recommended sanction.

Haney, a recovering alcoholic, eventually cooperated with the committee after this action was commenced. The operative facts may be gleaned from the responses he gave to a request for admissions propounded by the committee.

In December 1980, Haney opened the estate of Viola T. Myers. By May 1985, however, the only actions taken by Haney in connection with the estate were the filing of the probate inventory and a petition to sell real property, both filed in November 1983.

In like manner, Haney opened and then neglected the estate of Kenneth C. Norlen. This proceeding for ancillary administration of a foreign will was begun in May 1984. Haney had the will duly admitted to

probate, and the court immediately entered an order approving the sale of real estate. Thereafter, Haney took no further action to file an inventory or otherwise probate the estate.

On May 1, 1985, the Pottawattamie County Clerk of Court filed and served in each estate a notice of delinquency due to Haney's failure to close them or file required reports. *See* Iowa Code § 633.32 (1987). When Haney failed to cure the delinquencies within sixty days, the clerk certified the delinquencies to the district court. *See* Iowa R.Prob.P. 5. Thereafter, Haney was notified by certified letter that a complaint had been received by the committee with respect to these matters. Haney failed to respond to this notice and inquiry.

Further notice of delinquency was reported by the clerk in November 1985, followed by certification to the district court in January 1986 concerning Haney's inaction.

Another letter from the committee in January 1986 advised Haney that his failue to respond would result in review by the Grievance Commission and a possible reprimand if the delinquencies were not cured. When no response to the correspondence was received, the Grievance Commission publicly reprimanded Haney by letter in August 1986, citing his failure to diligently attend to both the Myers and Norlen estates. Haney neither cured the delinquencies nor reported to the committee the action, if any, taken in regard to these matters.

Eventually, the district court closed both estates sua sponte. In its order filed in April 1987, the court noted the various notices of delinquency served upon Haney and his repeated failure to respond, concluding that it was improbable a response would be obtained in the future and that it was impractical to continue the matters as open files.

■ The burden is upon the committee to prove by a convincing preponderance of the evidence that the respondent has violated the Code of Professional Responsibility as charged. *Committee on Professional Ethics & Conduct v. Davidson*, 398 N.W.2d 856, 856 (Iowa 1987). The facts we have recited fully support the commission's finding that Haney violated the following ethical considerations and disciplinary rules: EC 1–5 (requiring lawyers to maintain high standards of professional conduct); DR 1–102(A)(5) (forbidding conduct prejudicial to the administration of justice); and DR 1–102(A)(6) (forbidding conduct reflecting adversely upon an attorney's fitness to practice law). Prolonged inattention to probate matters undermines the public's confidence in the legal profession and is contrary to the foregoing canons of professional responsibility. *See Committee on Professional Ethics & Conduct v. Bromwell*, 389 N.W.2d 854, 856–57 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Thompson*, 328 N.W.2d 520, 522 (Iowa 1983); *Committee on Professional Ethics & Conduct v. Sylvester*, 318 N.W.2d 212, 213 (Iowa 1982); *Committee on Professional Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 536–37 (Iowa 1981); *Committee on Professional Ethics & Conduct v. Bitter*, 279 N.W.2d 521, 524–25 (Iowa 1979). Moreover, an attorney's failure to cooperate with disciplinary authorities investigating a complaint constitutes a separate act of professional misconduct. *Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135, 137 (Iowa 1986); *Bromwell*, 389 N.W.2d at 857; *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 9 (Iowa 1985).

■ The record reveals that Haney's dilatory conduct stemmed from the debilitating effects of alcoholism. To his credit, Haney sought in-patient treatment for the disease in May 1987, followed by nearly a year of intensive after-care treatment in two separate institutional settings. Having virtually abandoned his law practice in early 1986 as a result of his illness, Haney has now devoted himself to rebuilding his life personally and professionally. He candidly acknowledges that his ongoing recovery will require lifelong involvement in Alcoholics Anonymous. Character witnesses called on Haney's behalf attested to his determination to lead a sober life.

We view Haney's disability as a way of explaining, but not excusing, his professional misconduct. As the facts of this

case demonstrate, his fitness to practice law has been called into question. The three-month suspension recommended by the commission is consistent with the sanction this court has imposed upon other attorneys who, for whatever reason, have neglected their professional duties in the practice of probate. *See Committee on Professional Ethics & Conduct v. Rosene,* 412 N.W.2d 634, 635–37 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Miller,* 412 N.W.2d 622, 624 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Burrows,* 402 N.W.2d 749, 752 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Stienstra,* 395 N.W.2d 638, 640 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Free,* 394 N.W.2d 373, 375 (Iowa 1986).

We have said that alcoholism will not excuse ethical misconduct. *Committee on Professional Ethics & Conduct v. Jackson,* 429 N.W.2d 122, 123 (Iowa 1988). Nor can we overlook the irresponsibility displayed by Haney's utter disregard for communications from the clerk, court and committee. The record before us, however, is marked by this attorney's sincere change in lifestyle and attitude, and that is a factor mitigating in his favor. We are left confident in the belief that, following a brief period of suspension, James Haney will persist and succeed in his effort to maintain the sober fitness necessary to practice his profession.

We therefore suspend James Haney's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for three months. Upon any application for reinstatement, Haney shall establish that he has not practiced law during this suspension and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys.

Costs are taxed to respondent pursuant to Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.