The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION,** Complainant,

v.

**Jerry L. JONES, Respondent.**

No. 89–317.

Supreme Court of Iowa.

June 14, 1989.

Norman G. Bastemeyer, Ethics Adm'r, and Charles L. Harrington, Ethics Counsel for Iowa State Bar Ass'n, for complainant.

Jerry L. Jones, pro se.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (Committee) initiated this proceeding before the Grievance Commission (Commission), charging respondent Jerry L. Jones with several claims of misconduct. Respondent appeared in person and testified before the Commission. The Commission filed a report incorporating its findings of fact, conclusions of law, and recommendations.

The Commission's findings of misconduct concern (1) respondent's knowing and willful failure to timely file 1984 and 1985 state and federal income tax returns; (2) respondent signing his 1986 combined statement and questionnaire from the Client Security and Attorney Disciplinary Commission of the Iowa Supreme Court, falsely stating that his 1984 Iowa state income tax return had been filed; (3) his failure to respond to a client's request that he provide an itemization for a disputed fee; (4) his failure to cure delinquencies in two separate estates in which he acted as attorney for the personal representatives and (5) his failure to respond to numerous inquiries by the Committee and its representatives concerning the various complaints listed in subparagraphs one through four.

The Commission concluded that respondent violated numerous provisions of the Iowa Code of Professional Responsibility, which were outlined in detail. It recommended that respondent's license to prac-

tice law be suspended for a period of not less than one year.

Respondent took no appeal from the report. Under this situation, our tasks are to review the record de novo and decide the matter. Iowa Sup.Ct. R. 118.10. We are not bound by the Commission's findings or recommendations, but give respectful consideration to them. *Committee on Professional Ethics & Conduct v. Steele*, 414 N.W.2d 108, 109 (Iowa 1987).

Respondent has been licensed to practice law in this state since 1962. He was with the Attorney General's office for three years and subsequently entered private practice in Ames, Iowa. To a great extent, he has not actively practiced since September–October of 1987 and closed his office entirely in 1988.

Respondent failed to file his federal and state tax returns for two years. He was candid in stating that he did not have the money to pay his taxes and that his priorities were with his three children in college. He noted that he had additional financial obligations to meet because of a divorce. However, at the time of the hearing, he had yet to take any action on the delinquent tax returns. He also lied on his questionnaire to the Client Security and Attorney Disciplinary Commission in regard to one tax return.

In addition, respondent failed to cure delinquencies in two estate matters. His explanations were not satisfactory. Initially, he failed to respond to Committee inquiries. Subsequently, respondent refused to give a reason why he failed to respond to the complaints, stating that the Committee was "probing into matters that are entirely too personal."

Willful failure to timely file federal and state income tax returns and filing the mandatory annual questionnaire, falsely indicating the returns had been filed, violate our ethical rules. *Committee on Professional Ethics & Conduct v. Munger*, 375 N.W.2d 248, 250–51 (Iowa 1985). Failing to cure delinquencies in the handling of an estate also violates ethical concerns. *Committee on Professional Ethics & Conduct v. Megan*, 402 N.W.2d 432, 433 (Iowa 1987).

Similarly, a failure to respond to the Committee's inquiries concerning complaints is an ethics violation. *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 9 (Iowa 1985).

Finally, the Committee concluded that respondent's conduct regarding a divorced client violated ethical principles. Respondent had charged the client a fee of $3,000 for representation in the dissolution proceedings. The client disputed a portion of respondent's fee and made several oral and written requests for an itemization. Respondent failed to reply to the client's fee inquiry or to provide the requested itemization. "A lawyer should be zealous in his efforts to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject." Iowa Code Prof. Resp. EC 2–25. Respondent later offered some explanation for this controversy, however, his complete lack of response to the client violated this ethical consideration.

We agree with the Commission's recommendation that respondent's license to practice law in the courts of this state, as defined in Iowa Supreme Court Rule 118.-12(b), be suspended indefinitely with no possibility of reinstatement for one year from the date of the filing of this opinion. During the period of suspension, he shall refrain from the practice of law as that term is defined in rule 118.12. It is further ordered that the cost of this action shall be assessed against respondent in accordance with rule 118.22.

LICENSE SUSPENDED.