## IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

## N. Michael D'ANGELO, Respondent.

### No. 02–0704.

Supreme Court of Iowa.

Oct. 9, 2002.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Roger J. Kuhle, West Des Moines, for respondent.

CARTER, Justice.

A division of the Grievance Commission of this court found that respondent, N. Michael D'Angelo, violated several disciplinary rules contained in the Iowa Code of Professional Responsibility for Lawyers. The violations that the commission found were (1) neglect of probate matters; (2) collecting fees without court authorization, prior to the time of entitlement under our rules, and in excess of the maximum fee allowable by law; (3) failure to diligently pursue a dissolution-of-marriage case, which was dismissed for want of prosecution; and (4) failing to respond to inquiries from the Iowa Supreme Court Board of Professional Ethics and Conduct (ethics board) concerning these matters. The commission recommended that we suspend respondent's license for one year and that the suspension run concurrently with a three-year suspension imposed on Novem-

ber 16, 2000. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. D'Angelo*, 619 N.W.2d 333 (Iowa 2000). We adopt the Grievance Commission's recommendation with the addition of a prohibition against respondent handling probate matters in the event that he is subsequently reinstated to the practice unless he associates himself with a competent probate lawyer who is entrusted with the responsibility for completing the necessary work.

We separately consider the current charges against respondent.

### I. *The Sargent Estate.*

The Olen Sargent Estate was opened in October 1995, and the second notice to creditors was published on October 30, 1995. Respondent was attorney for the executors. He failed to file an interlocutory report after eighteen months as required by Iowa Court Rule 7.7. He obtained several orders extending time for closing the estate, seeking such orders just prior to the time when the clerk would report a delinquency to the ethics board pursuant to Iowa Court Rule 7.6. These extensions were obtained on an *ex parte* basis and without notice to the beneficiaries. Respondent's last extension of time for closing the Sargent Estate had expired prior to the time of his November 16, 2000 suspension, and the estate still had not been closed.

In addition to the substantial delay in processing the Sargent Estate, respondent took attorney fees from the estate without court approval and prior to the time that such fees were authorized under Iowa Court Rule 7.2. Moreover, the total amount of fees so taken exceeded the maximum statutory fee for ordinary services.

Although respondent claims that he spent an inordinate amount of time resolving disputes among the beneficiaries and coexecutors and thus was entitled to ex-

traordinary fees, such fees may only be obtained upon a written application showing entitlement thereto and notice and hearing to interested parties. Iowa Ct. R. 7.2(2). No application showing entitlement was filed, and no notice or hearing was given with respect to these fees. None of the fees taken were authorized by court order. Given the poor quality of respondent's overall performance in handling this probate matter, we seriously doubt that extraordinary fees would have been warranted.

Respondent was slow in accounting to the beneficiaries of the Sargent Estate for proceeds received from a sale of real estate. The ethics board's investigation disclosed, however, that all sums had been distributed, although for some reason, not explained by respondent, there were slight discrepancies between the amount that each beneficiary received and the amount that would have represented an equal share of the distribution.

### II. *Neglect of Cass County Probate Matters.*

Evidence was presented to the Grievance Commission establishing that respondent had neglected his responsibilities as attorney for the fiduciary in two conservatorships and one estate in Cass County and had received numerous delinquency notices with respect thereto.

### III. *Neglect of Dissolution Case.*

In 1998 a woman entrusted her dissolution case to respondent, and he filed a petition in June of that year. One and one-half years later the case was dismissed for want of prosecution.

The evidence indicated that the dissolution petitioner's spouse was incarcerated and that respondent, after coming close to an agreement with that spouse on the dis-

position of the case, simply quit working on a disposition of the few matters that had not been agreed to and made no effort to resolve those areas of disagreement by communication with petitioner's spouse or by application to the court.

## IV. *Failure to Comply With Prior Order of Suspension.*

The evidence presented showed that respondent, although notifying most clients of his suspension on November 16, 2000, did not file the necessary proof of notification with the ethics board. It also appears that he failed to return certain files and failed to refund unearned fees following his suspension.

## V. *Failure to Cooperate With the Ethics Board.*

The ethics board served separate notices of complaint upon respondent with respect to the Sargent Estate matter, the Cass County probate matters, and the marriage-dissolution matter. Respondent ignored all of the board's notices.

We agree with the Grievance Commission that respondent's conduct has violated Disciplinary Rule 6—101(A)(3) and Disciplinary Rule 7—101(A) of the Iowa Rules of Professional Responsibility for Lawyers [hereafter referred to as DRs] (neglect, failure to seek client's lawful objectives, and failure to carry out contract of employment). *See Comm. on Prof'l Ethics & Conduct v. Paulos,* 410 N.W.2d 260, 261 (Iowa 1987). His conduct also violated DR 1—102(A)(5) and (6) (conduct prejudicial to administration of justice). *Comm. on Prof'l Ethics & Conduct v. Haney,* 435 N.W.2d 742, 743 (Iowa 1989). By taking unauthorized, premature, and excessive fees, respondent violated DR 2—106(A) (lawyer shall not collect illegal or clearly excessive fee). *Iowa Supreme Ct. of Prof'l Ethics & Conduct v. Evans,* 537 N.W.2d

783, 785 (Iowa 1995). His tardy and incomplete accounting on the distribution of the proceeds of the real estate sale in the Sargent Estate was a violation of DR 9—102(B)(3) and (4) (lawyer required to make accountings to client and to promptly deliver any funds to which client is entitled). His inaction in the dissolution matter constituted a violation of DR 6—101(A)(3) and DR 7—101(A) (lawyer shall not intentionally fail to seek client's objectives or carry out contract of employment). *Comm. on Prof'l Ethics & Conduct v. Havercamp,* 442 N.W.2d 67, 70 (Iowa 1989).

Other than respondent's failure to adequately comply with our prior suspension order and failure to cooperate with the ethics board in the investigation of these current disciplinary matters, which is a violation of DR 1—103, the violations in question were part of the same pattern of conduct that led to respondent's November 16, 2000 suspension and occurred at approximately the same time as the violations that led to that suspension. Had these additional matters been brought to our attention at that time, we seriously doubt that respondent's prior suspension, which was for a minimum of three years, would have been enlarged. Although we recognize that the failure to comply with our suspension order on turning over files, failing to abide the implicit requirement that unearned fees be returned, and his failure to cooperate with the ethics board are new matters occurring since the prior suspension, we do not deem it necessary to increase the quite lengthy suspension that is currently in force. We accept the Grievance Commission's recommendation that the sanction for the current violations be a suspension for a minimum of one year, which shall run concurrently with the prior suspension.

We suspend respondent N. Michael D'Angelo's license to practice law in this

state indefinitely and with no possibility of reinstatement for one year. This suspension shall run concurrently with the suspension imposed by this court on November 16, 2000. This suspension shall apply to all facets of the practice of law. *See* Iowa Ct. R. 35.12(3). In the event that respondent is reinstated to the practice of law, he shall not engage in the representation of clients on probate matters unless he associates himself with competent probate counsel who shall be entrusted with the responsibility for the proper completion of the work. Costs of this disciplinary proceeding are assessed to respondent.

**LICENSE SUSPENDED.**

All justices concur except LARSON, J., who takes no part.