The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Clara OLESON, Respondent.

No. 87–988.

Supreme Court of Iowa.

Feb. 17, 1988.

Kasey W. Kincaid and James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Norman G. Bastemeyer, Des Moines, for complainant.

Joseph C. Johnston, Iowa City, and Sharon Mellon of Mellon & Spies, Iowa City, for respondent.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER and NEUMAN, JJ.

PER CURIAM.

The twenty-fourth division of the Grievance Commission of this court, having

heard evidence concerning certain ethical violations by respondent, Clara Oleson, has recommended that her license to practice law be suspended for not less than three months. Under Iowa Supreme Court Rule 118.10, we review de novo the commission's report and the evidence upon which it is based.

The record reflects that respondent graduated from law school in 1976 at age thirty-three. After actively practicing law for approximately nine years with a respectable degree of professional recognition but relatively little financial success, she became disenchanted with the practice. This attitude was occasioned, at least in part, by emotional trauma engendered by a broken marriage and a series of financial crises. The latter flowed from unpaid student loans, unpaid office expenses, and an inability to earn a steady income.

When respondent realized that her emotional state prevented her from continuing to adequately serve her clients, she attempted to wind down her practice. Her goal was to ultimately remove herself completely from the practice of law. Unfortunately, in carrying out this objective, certain matters were neglected which triggered the present disciplinary complaints against her. Respondent aggravated this situation by refusing to respond to inquiries from the Committee on Professional Ethics and Conduct concerning complaints lodged against her by certain clients.

The Grievance Commission found that respondent had violated the Code of Professional Responsibility for Lawyers in four particulars. The first two matters involved her failure to respond to inquiries by the Committee on Professional Ethics and Conduct concerning the complaints of two clients. The third matter concerned her failure to adequately represent a client in defending against an action seeking recovery of delinquent child support. In that case, respondent failed to respond to discovery orders in the litigation and permitted her client to be placed in a default situation. The fourth matter related to respondent's handling of an appeal to this court in a domestic relations matter. She failed to timely file a brief on behalf of her client and did not communicate with the client concerning the status of the appellate proceedings.

We do not deem it necessary to set forth further details of the violations of professional conduct which the Grievance Commission found to have occurred. Its findings are supported by the stipulation of facts agreed to by complainant and respondent. These agreed facts clearly establish a violation of DR 1–102(A)(5) and DR 1–102(A)(6) as a result of respondent's failure to cooperate with the Committee on Professional Ethics and Conduct in its investigation of two complaints. *See Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135, 137 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 9 (Iowa 1985). The agreed facts also support a finding of neglect of legal matters entrusted to counsel within the proscriptions of DR 6–101(A)(3). *See Committee on Professional Ethics & Conduct v. Bitter*, 279 N.W.2d 521, 524 (Iowa 1979).

The record indicates that prior to the events in question respondent enjoyed an excellent reputation for professional competence and integrity. The incidents involved in the present case were inconsistent with the manner in which she normally conducted herself throughout her law practice. Notwithstanding this circumstance, we find that a suspension of respondent's license for a minimum of six months is an appropriate discipline commensurate with the seriousness of the violations.

We hereby order suspension of respondent's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for six months. Respondent's license is currently on inactive status as a result of her having previously applied for and obtained a certificate of exemption under court rule 121.3(i)(4) and court rule 123.7. The effect of our suspension order is to remove her from the roll of attorneys in good standing and, to the extent applicable, subject her to the provisions of court

rule 118.12 and court rule 118.18.[1] Respondent may apply for reinstatement of her license, subject to the previously existing grant of inactive status, sixty days prior to the expiration of the minimum period of suspension which has been imposed.[2] *See* Iowa Sup.Ct.R. 118.13.

LICENSE SUSPENDED.

1. The restrictions imposed by court rule 118.12 appear to duplicate those to which respondent is already subject as a result of seeking and obtaining a certificate of exemption from the Client Security and Attorney Disciplinary Commission and the Commission on Continuing Legal Education. We express no opinion as to whether respondent's inactive status renders compliance with court rule 118.18 inapplicable.

2. Respondent's application for inactive status was made to and granted by the Client Security and Attorney Disciplinary Commission and the Commission on Continuing Legal Education, respectively. If she desires to change that status, in the event she is reinstated to the roll of attorneys in good standing, application must be made to those commissions.