In the Matter of Alan H. KIRSHEN, A Practicing Attorney.

No. 89–957.

Supreme Court of Iowa.

Feb. 21, 1990.

Alan H. Kirshen, Omaha, Neb., pro se.

Charles L. Harrington and Norman G. Bastemeyer, Des Moines, for Committee on Professional Ethics and Conduct of the Iowa State Bar Ass'n.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

PER CURIAM.

This is a proceeding under court rule 118.17 for purposes of imposing reciprocal discipline on Alan H. Kirshen, an attorney at law, licensed to practice in both this state and Nebraska. On June 9, 1989, the Supreme Court of Nebraska entered an order disbarring attorney Kirshen based on his violations of rules of professional conduct in connection with his practice of law in that state. The extensive findings of the Nebraska court as to these violations and its order of disbarment are reported in *State ex rel. Nebraska State Bar Association v. Kirshen*, 232 Neb. 445, 441 N.W.2d 161 (1989).

On July 10, 1989, this court issued an order which was served on attorney Kirshen, together with a copy of the Nebraska disbarment order, directing him to inform this court of any claim on his part as to why the imposition by this court of discipline identical to that of the Supreme Court of Nebraska would be unwarranted. On September 14, 1989, Kirshen's license to practice law in this state was temporarily suspended by order of this court pending our disposition of the reciprocal discipline proceeding.

Attorney Kirshen did respond to our July 10 order, claiming that the discipline imposed on him by the Supreme Court of Nebraska was more severe than that which has been the practice of this court to impose for similar transgressions. A hearing

on Kirshen's claims was held before five justices of this court on December 12, 1989. A certified copy of the Nebraska disbarment order was received in evidence at this hearing together with the relevant exhibits from the Nebraska disciplinary proceeding. Oral arguments were made by attorney Kirshen and by counsel for the Committee on Professional Ethics and Conduct of the Iowa State Bar Association.

For purposes of the present determination on reciprocal discipline, the pertinent provisions of court rule 118.17 are as follows:

> Upon receipt of a certified copy of an order disclosing an attorney admitted to practice in this state has been disciplined in another jurisdiction or any federal court, this court shall promptly give notice thereof by restricted certified mail or personal service directed to such attorney containing: (1) A copy of said disciplinary order from the other jurisdiction or federal court, and (2) an order directing that such disciplined attorney inform this court, within thirty days after receipt of said notice, of any claim by such attorney that imposition of identical discipline in this state would be too severe, too lenient or otherwise unwarranted, giving the specific reasons therefor. A like notice shall be mailed to the committee on professional ethics and conduct of the Iowa State Bar Association. If either party so informs this court, the matter shall be set for hearing before five or more justices of this court and the parties notified thereof by restricted certified mail at least ten days prior to the date set. At such hearing a certified copy of the testimony, transcripts, exhibits, affidavits and other matters introduced into evidence in such jurisdiction or federal court shall be admitted into evidence as well as any findings of fact, conclusions of law, decision and orders decided or issued. Any such findings of fact shall be conclusive and not subject to readjudication. Thereafter, the court

shall enter such findings, conclusions and orders that it deems appropriate.

■ The proscriptions of rule 118.17 require us to accept, as conclusive, the findings of fact contained in the decision and order of the Supreme Court of Nebraska. We are free, however, to determine whether imposition by this court of discipline identical to that ordered by the Nebraska court would be unwarranted. Our task in this regard is, we believe, to determine whether the discipline imposed in Nebraska accords with that which this court would impose under similar factual patterns.

■ It was the finding of the Supreme Court of Nebraska that attorney Kirshen violated rules of professional responsibility in regard to (1) failing to respond to two complaints filed against him with Nebraska Bar discipline authorities, (2) irresponsibly neglecting to process the necessary probate proceedings in two decedent's estates in which he represented the personal representatives, and (3) charging an excessive fee (collected in advance) in one of these estates. In imposing the sanction of disbarment on attorney Kirshen for these transgressions, the Supreme Court of Nebraska opined that, although these incidents in isolation would probably not have warranted disbarment, the cumulative effect of such professional misconduct did warrant this extreme sanction.[1]

We believe (as the Nebraska court also concluded under similar rules of professional responsibility) that attorney Kirshen's conduct violated our Code of Professional Responsibility for Lawyers in the following particulars: DR 1–102(A)(5) and DR 1–102(A)(6) (failure to cooperate in the investigation by bar disciplinary authorities); DR 6–101(A)(3) (neglect of legal matters entrusted to counsel); and DR 2–106(A) (charging an excessive fee).

This court has previously considered disciplinary proceedings pertaining to failure to cooperate with the investigatory efforts of disciplinary authorities, neglect of client's legal matters entrusted to an attor-

---

**1.** The Supreme Court of Nebraska further noted in this regard that in 1985 attorney Kirshen had received a private reprimand from Nebraska Bar disciplinary authorities for failure to respond to a client's complaint.

ney, and charging of excessive fees by an attorney. In *Committee on Professional Ethics and Conduct v. Oleson*, 422 N.W.2d 176 (Iowa 1988), we imposed a suspension with no possibility of reinstatement for six months for violations involving a combination of neglect of client's matters and failure to cooperate with bar authorities who were investigating the attorney's misconduct. In *Committee on Professional Ethics and Conduct v. Davidson*, 398 N.W.2d 856 (Iowa 1987), we imposed a suspension without possibility of reinstatement for two years based upon a persistent neglect in probate proceedings which, in our opinion, was much more flagrant than the probate matters which were involved in Kirshen's violations.

In *Committee on Professional Ethics and Conduct v. Coddington*, 360 N.W.2d 823 (Iowa 1985), we imposed a suspension without possibility of reinstatement for two years upon finding that excessive fees were charged and collected in violation of court rules. As best we are able to tell by comparing the fee violation attributable to attorney Kirshen with that before this court in the *Coddington* matter, the violations are of similar magnitude. The only qualification to that conclusion is that the *Coddington* case involved violations of specific court rules relating to the payment of fees in probate matters while the excessive fee determination affecting Kirshen involved the legitimacy of the amount of a fee not regulated by statute or court rule.

Upon comparing the ethical violations for which the Supreme Court of Nebraska found Kirshen to be responsible with this court's treatment of somewhat similar violations, we find some merit in Kirshen's suggestion that disbarment would be an inappropriately severe discipline based on our treatment of other disciplinary cases. Most of our disbarment orders have involved elements of dishonesty not shown to have been present in Kirshen's Nebraska violations. Another factor which we believe militates against imposing a sanction of disbarment against attorney Kirshen un-

der our Iowa disciplinary system is that, unlike the situation which exists under Nebraska rules, we have no established procedure for disbarred attorneys to seek reinstatement.[2]

We recognize that we are unable to conclude with certainty from this difference in procedural rules that disbarment in Iowa is a more severe sanction than disbarment in Nebraska. We do not have significant data as to how Nebraska has treated disbarred attorneys who have sought reinstatement under its rules. Moreover, there is no way to predict how the Supreme Court of Nebraska will treat attorney Kirshen should he seek reinstatement after the five-year period. We prefer, however, in the present case to impose a rather lengthy minimum suspension rather than disbarment. We believe that such a sanction is sufficient to protect the public interest and uphold confidence in our system of lawyer discipline.

■ We conclude that Alan H. Kirshen's license to practice law in the courts of this state should be suspended indefinitely without possibility of reinstatement for three years. This minimum suspension time shall be measured from September 14, 1989, the date on which his license was temporarily suspended by this court pending final determination of the reciprocal discipline proceeding. The suspension which we order shall apply to all facets of the practice of law as contemplated by court rule 118.12. Upon any subsequent application for reinstatement, Kirshen shall have the burden to establish that he has not practiced law during the period of suspension and that he has met all requirements of court rules 118.13 and 118.18 with respect to client notification, notification of opposing counsel in contested matters, termination of client relationships, and return of client files. Any taxable costs of the present proceeding shall be assessed against attorney Kirshen.

It is so ordered.

---

**2.** Nebraska Supreme Court Rule 10(T) provides that disbarred attorneys may not seek reinstate- ment for a period of five years following the order of disbarment.

LICENSE SUSPENDED.

This opinion shall be published.